IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SK INNOVATION CO., LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>LG CHEM, LTD., LG CHEM MICHIGAN INC., AND LG ELECTRONICS., INC.<br><br>    Defendants.<br><hr><br>LG CHEM, LTD. AND LG CHEM MICHIGAN INC.,<br><br>    Counterclaim Plaintiffs,<br><br>  v.<br><br>SK INNOVATION CO., LTD.,<br><br>    Counterclaim Defendant. | C.A. No. 19-1637-CFC<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS LG CHEM, LTD. AND LG CHEM MICHIGAN INC.'S
ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendants LG Chem, Ltd. ("LGC"), and LG Chem Michigan Inc. ("LGCMI") (collectively, "Defendants," or "Counterclaim Plaintiffs") by and through their attorneys, hereby answer the numbered allegations set forth in the September 3, 2019 Complaint for Patent Infringement ("Complaint") of Plaintiff SK Innovation Co., Ltd. ("SKI"), and file the Counterclaims set forth below.  Except as expressly admitted below, Defendants deny the allegations in SKI's Complaint.  Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts.  To the extent any heading or non-numbered statements in SKI's Complaint contain an allegation, Defendants deny each and every allegation therein.  Defendants deny that SKI is entitled to the relief requested or any other relief.

Specifically, Defendants answer as follows:

## OVERVIEW

1. Defendants admit that the Complaint purports to state an action for patent infringement under 35 U.S.C. §§ 1, *et seq.*, but deny that there is any basis for such an action, and deny any allegations of infringement.

2. Defendants admit that SKI and its subsidiary SK Battery America, Inc. ("SKBA"), have announced their intent to build a battery plant in Georgia. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and on that basis, deny the same.

3. Defendants admit that SKI has provided EV batteries for the global market. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and on that basis, deny the same.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and on that basis, deny the same.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and on that basis, deny the same.

## PARTIES

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and on that basis, deny the same.

## JURISDICTION AND VENUE

10. Admitted.

11. Defendants admit that the venue is proper in this judicial district. Defendants otherwise deny the remaining allegations in Paragraph 11 of the Complaint, including the allegation that Defendants have committed, or are committing, acts of patent infringement.

12. Defendants do not contest that this Court has personal jurisdiction over them for purposes of this action. Defendants otherwise deny the remaining allegations in Paragraph 12 of the Complaint, including the allegation that Defendants have committed, or are committing, acts of patent infringement.

13. Defendants admit that LGC maintains a United States version of its website, which provides information regarding its activities and products, including its automotive batteries. Defendants otherwise deny the remaining allegations in Paragraph 13 of the Complaint, including the allegation that Defendants have committed, or are committing, acts of patent infringement.

14. Defendants are without sufficient knowledge as to the allegations of Paragraph 14, and on that basis, deny the same.

15. Defendants admit that LGC has filed litigations in the United States, and that LGC derives revenues from the U.S. market. Defendants are without sufficient knowledge as to the allegations of Paragraph 15 regarding LG Electronics, Inc., and on that basis, deny the same.

## THE ASSERTED PATENT

16. Defendants admit that, on its face, U.S. Patent No. 9,698,398 ("the '398 patent") bears the title "Secondary Battery Module" and purports to claim priority to Korean Patent Application KR10-2012-0131733, filed on November 20, 2012. Defendants also admit that a copy of the '398 patent was attached as Exhibit 1 to the Complaint. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16, and on that basis, deny the same.

17. Defendants answer that the '398 patent speaks for itself and no response is required. To the extent that a response is required, Defendants are without sufficient knowledge as to the allegations of Paragraph 17, and on that basis, deny the same.

## GENERAL ALLEGATIONS

18. Denied.

19. Denied.

20. Denied.

21. Defendants deny that the Vista 2.0 Cell Module Assembly infringes. Defendants are without sufficient knowledge as to the remaining allegations of Paragraph 21, and on that basis, deny the same.

22. Defendants admit that, during prosecution of Korean Patent No. 1812753, the Korean Intellectual Property Office cited Korean Patent Publication No. 10-2014-0064418, and that the '398 patent is listed in the Complaint. Defendants otherwise deny the allegations in Paragraph 22.

23. Denied.

## CLAIMS FOR PATENT INFRINGEMENT

24. Defendants admit that the Complaint identifies one claim of the '398 patent, but deny the allegation that Defendants have committed, or are committing, acts of patent infringement.

## COUNT I: PATENT INFRINGEMENT OF THE '398 PATENT

25. Defendants repeat their responses to Paragraphs 1 through 24.

26. Defendants deny that the Vista 2.0 Cell Module Assembly infringes. Defendants are without sufficient knowledge as to the remaining allegations of Paragraph 26, and on that basis, deny the same.

27. Defendants deny that the Vista 2.0 Cell Module Assembly infringes. Defendants are without sufficient knowledge as to the remaining allegations of Paragraph 27, and on that basis, deny the same.

28. Defendants deny that the Vista 2.0 Cell Module Assembly infringes. Defendants are without sufficient knowledge as to the remaining allegations of Paragraph 28, and on that basis, deny the same.

29. Defendants deny that the Vista 2.0 Cell Module Assembly infringes. Defendants are without sufficient knowledge as to the remaining allegations of Paragraph 29, and on that basis, deny the same.

30. Denied.

31. Defendants admit that LGC designs battery cells for the U.S. EV market, and maintains a United States version of its website. Defendants otherwise deny the allegations in Paragraph 31.

32. Defendants admit that *LG Chem, Ltd. v. SK Innovation Co., Ltd.*, 1:19-cv-00776 (D. Del. April 29, 2019), Complaint, ¶ 29, recites the text as quoted. Defendants otherwise deny the allegations in Paragraph 32.

33. Defendants admit that, during prosecution of Korean Patent No. 1812753, the Korean Intellectual Property Office cited Korean Patent Publication No. 10-2014-0064418, and that the '398 patent is listed in the Complaint. Defendants otherwise deny the allegations in Paragraph 33.

34. Denied.

35. Admitted.

36. Denied.

37. Admitted.

38. Defendants admit that the GM Chevrolet Bolt is offered for sale in the United States. Except as expressly admitted, Defendants are without sufficient knowledge as to the allegations of Paragraph 38, and on that basis, deny the same.

39. Defendants are without sufficient knowledge as to the allegations of Paragraph 39, and on that basis, deny the same. To the extent that Paragraph 39 implicates a legal conclusion, no further response is required.

40. Defendants are without sufficient knowledge as to the allegations of Paragraph 40, and on that basis, deny the same. To the extent that Paragraph 40 implicates a legal conclusion, no further response is required.

41. Defendants are without sufficient knowledge as to the allegations of Paragraph 41, and on that basis, deny the same. To the extent that Paragraph 41 implicates a legal conclusion, no further response is required.

42. Denied.

43. Denied.

44. Defendants are without sufficient knowledge as to the allegations of Paragraph 44, and on that basis, deny the same. To the extent that Paragraph 44 implicates a legal conclusion, no further response is required.

## PRELIMINARY AND PERMANENT INJUNCTION

45. Denied. To the extent that Paragraph 45 implicates a legal conclusion, no further response is required.

## DAMAGES

46. Denied. To the extent that Paragraph 46 implicates a legal conclusion, no further response is required.

## ATTORNEYS' FEES

47. Denied. To the extent that Paragraph 47 implicates a legal conclusion, no further response is required.

## DEMAND FOR JURY TRIAL

48. SKI's demand for a jury trial does not require a response from Defendants.

## PRAYER FOR RELIEF

Defendants deny that SKI is entitled to any relief from Defendants and deny all allegations contained in Paragraphs A-J in SKI's Prayer for Relief.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38 and 39, Defendants assert their rights under the Seventh Amendment to the United States Constitution and demand a trial by jury on all issues that may be so tried.

## ADDITIONAL DEFENSES

### First Defense

Defendants have not infringed, and do not infringe, any of the claims of the '398 patent, literally, under the doctrine of equivalents, directly, indirectly, or in any other manner.

### Second Defense

All claims of the '398 patent are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 102, 103, and/or 112.

### Third Defense

SKI is not entitled to injunctive relief because any injury to it is not irreparable and can be adequately compensated by monetary damages, and it has an adequate remedy at law for any claims it can prove.

**Fourth Defense**

SKI's pre-suit damages are barred because SKI has failed to properly mark any of its relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendants' actions allegedly infringe the '398 patent.

**Fifth Defense**

SKI's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

**Sixth Defense**

SKI's attempted enforcement of the '398 patent against Defendants is barred by the equitable doctrines of estoppel, waiver, implied waiver, acquiescence, and/or unclean hands.  By way of example, the claims of the '398 patent are barred by the doctrines of estoppel, waiver, or implied waiver by SKI's actions, representations, omissions, or other conduct before the United States Patent and Trademark Office during the prosecution of the '398 patent or related family members such that its claims are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendants.  By way of further example, SKI's claims are barred by the doctrine of unclean hands because, for example, SKI has misappropriated LGC's intellectual property, including its trade secrets, and engaged in a cover-up of such misconduct by, *inter alia*, intentionally, recklessly, and/or negligently withholding, hiding, altering, fabricating, or destroying evidence.  *See Certain Lithium Ion Batteries, Battery Cells, Battery Modules, Battery Packs, Components Thereof, and Processes Therefore*, Inv. No. 337-TA-1159, EDIS Dkt. No. 694160 (LG Chem's motion for default judgment) at 26 (U.S.I.T.C., Nov. 5, 2019) (quoting e-mail instructing SKI team members to "[d]elete every material related to [LG Chem]" and to "[d]elete this email after completing this directive").

**COUNTERCLAIMS**

For their counterclaims against SKI, Counterclaim Plaintiffs allege as follows:

8

## PARTIES

1. LGC is a South Korean corporation with its principal place of business at 128 Yeoui-daero, Yeongdeungpo-gu, Seoul 07336, South Korea.

2. LGCMI is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 1 LG Way, Holland, Michigan 49423. LGCMI is a wholly-owned subsidiary of LGC.

3. On information and belief, SKI is a corporation organized and existing under the laws of South Korea, and maintains its principal place of business at 26 Jong-ro, Jongno-gu, Seoul 03188, South Korea.

## JURISDICTION AND VENUE

4. Counterclaim Plaintiffs incorporate Paragraphs 1-3 herein by reference.

5. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

6. SKI has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM
## DECLARATION REGARDING NONINFRINGEMENT OF THE '398 PATENT

8. Counterclaim Plaintiffs incorporate Paragraphs 1-7 herein by reference.

9. Based on SKI's filing of this action, an actual controversy has arisen and now exists between the parties as to whether Counterclaim Plaintiffs have infringed any claims of the '398 patent.

10. A judicial declaration that Counterclaim Plaintiffs do not infringe the '398 patent

is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the '398 patent. Counterclaim Plaintiffs have no adequate remedy at law.

11. Counterclaim Plaintiffs have not infringed and do not infringe, either directly or indirectly, by inducement or contributorily, willfully, or otherwise, any valid and enforceable claim of the '398 patent, either literally or by the doctrine of equivalents. For example, the Counterclaim Plaintiffs' accused products do not include at least the claimed "adhesive pad."

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiffs request a declaration by the Court that Counterclaim Plaintiffs have not infringed and do not infringe any claim of the '398 patent under any theory, including directly (whether individually or jointly) and indirectly (whether contributorily or by inducement).

## SECOND COUNTERCLAIM
## DECLARATION REGARDING INVALIDITY OF THE '398 PATENT

13. Counterclaim Plaintiffs incorporate Paragraph 1-12 by reference.

14. Based on SKI's filing of this action, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '398 patent.

15. A judicial declaration that the '398 patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the '398 patent. Counterclaim Plaintiffs have no adequate remedy at law.

16. By way of example, and without limitation, the claims of the '398 patent are invalid under at least 35 U.S.C. §§ 102 and/or 103 as having been anticipated by or rendered obvious. For example, at the time of the purported invention of the '398 patent, it was well known in the art to apply an adhesive pad between two lithium ion battery cells in the manner

claimed by the '398 patent, and numerous prior art references teach the limitations of the '398 patent.  *Compare, e.g.*, US2010/0143785A1, KR1009567, *and* KR964216 *with* '398 patent.

17.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiffs request a declaration by the Court that all claims of the '398 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs ask this Court to enter judgment in their favor and against SKI by granting the following relief:

a.  judgement against SKI and in favor of Defendants/Counterclaim Plaintiffs in all respects;

b.  dismissal of the Complaint with prejudice;

c.  a declaration that the '398 patent is invalid;

d.  a declaration that Defendants/Counterclaim Plaintiffs do not infringe, under any theory, any valid and enforceable claim of the '398 patent;

e.  a declaration that this case is exceptional under 35 U.S.C. § 285 and awarding Defendants/Counterclaim Plaintiffs their expenses, costs, attorneys' fees, and expert witness fees, in accordance with 35 U.S.C. § 285, Rule 54(d) of the Federal Rules of Civil Procedure, and all other applicable statutes, rules, and common law;

f.  taxation of all allowable costs and disbursements against SKI; and

g.  any further relief as the Court may deem just and proper.

## **JURY DEMAND**

Defendants/Counterclaim Plaintiffs hereby demand a trial by jury on all issues.

Dated: November 25, 2019         Respectfully submitted,

By: */s/ Robert M. Oakes*
Robert M. Oakes (#5217)
Ronald P. Golden III (#6254)
FISH & RICHARDSON P.C.
222 Delaware Avenue
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
oakes@fr.com
golden@fr.com

Michael J. McKeon
Lauren A. Degnan
Timothy W. Riffe
Ralph A. Phillips
Thomas L. Halkowski (#4099)
Daniel A. Tishman
FISH & RICHARDSON P.C.
1000 Maine Ave., SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
mckeon@fr.com
degnan@fr.com
rphillips@fr.com
halkowski@fr.com
tishman@fr.com

Leeron G. Kalay (*pro hac vice* to be filed)
FISH & RICHARDSON P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
kalay@fr.com

*Counsel for*
*LG Chem, Ltd. and LG Chem Michigan Inc.*