# Exhibit D

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

January 8, 2020

Robert M. Oakes
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
oakes@fr.com

Re:   *SK Innovation Co., Ltd. v. LG Chem, Ltd.*, et al., Case No. 19-cv-1637-CFC (D. Del.)

Dear Bob:

I am writing in response to your January 3, 2020 letter requesting that Plaintiff SK Innovation Co., Ltd. ("SK Innovation") produce unredacted copies of confidential materials from a pending ITC investigation, *In the Matter of Certain Lithium Ion Batteries, Battery Cells, Battery Modules, Battery Packs, Components Thereof, and Processes Therefore*, USITC Inv. No. 337-TA-1159 (the "1159 Case").

The Complainants in the 1159 Case, LG Chem, Ltd. and LG Chem Michigan, Inc. (together "LG Chem"), allege that SK Innovation misappropriated their trade secrets. LG Chem filed a spoliation motion in the 1159 case, claiming that SK Innovation improperly destroyed related evidence. That motion has now been fully briefed by the parties. The parties assert that the papers they filed contained confidential business information ("CBI"), which is protected from public disclosure by the protective order in the 1159 Case, but public versions with the CBI redacted are available. Your letter demands that SK Innovation provide LG Chem with unredacted versions of the motion papers in order to assist you in responding to SK Innovation's Rule 12(f) Motion to Strike the unclean hands defense in the above-referenced case.

SK Innovation is not aware of any applicable authority that requires a moving party to provide discovery in connection with a motion to strike. Nor have you cited any such authority. To the contrary, as discussed in SK Innovation's opening brief, courts are not permitted to look beyond the pleadings when evaluating a Rule 12(f) motion. *See Williams v. Ponik*, No. 15-1050 (CCC-JBC), 2015 WL 8513869, at *3 (D.N.J. Dec. 10, 2015); *see also* D.I. 18 at 7. SK Innovation therefore does not believe that LG Chem's request for further information in aid of its response to SK Innovation's Motion to Strike is appropriate—rather, your request for further information only supports SK Innovation's argument that LG Chem's unclean hands defense is insufficiently pleaded.

COVINGTON

Robert M. Oakes
January 8, 2020
Page 2

      Further, one fundamental purpose of a motion to strike under Rule 12(f) is to "avoid unnecessary forays into immaterial matters." *Sepracor Inc. v. Dey, L.P.*, No. 06-113-JJF, 2008 WL 4377570, at *2 (D. Del. Sept. 26, 2008) (internal alterations omitted); *see also* D.I. 18 at 9. Allowing a party opposing a motion to strike an opportunity to conduct discovery on a matter for which it has failed to articulate a link to the claims in the litigation in its pleadings would directly contradict this purpose. As stated in SK Innovation's opening brief, LG Chem has not alleged a connection between the conduct at issue in the spoliation motion from the 1159 Case and the '398 Patent at issue in this case. *See* D. I. 18 at 7–10. Your letter does not cure that fundamental defect, and your request amounts to an improper request for discovery into an unrelated and immaterial matter, which is precisely what SK Innovation is seeking to prevent with its motion to strike.

* * *

      ==For these reasons, SK Innovation declines your request.==

                                          Sincerely,

                                          */s/ Philip A. Irwin*

                                          Philip A. Irwin

cc:    Lauren Degnan, Fish & Richardson
        Linhong Zhang, Fish & Richardson
        Ronald Golden, Fish & Richardson
        Adam Poff, Young Conaway Stargatt Taylor
        Pilar Kraman, Young Conaway Stargatt Taylor
        Sarah M. Gragert, Latham & Watkins LLP