IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SK INNOVATION CO., LTD., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 19-1637-CFC-SRF<br>) |
| LG CHEM, LTD., LG CHEM MICHIGAN INC., and LG ELECTRONICS INC. | )<br>)<br>) |
| Defendants. | )<br>)<br>) |
| LG CHEM, LTD. and LG CHEM MICHIGAN INC., | )<br>)<br>)<br>) |
| Counterclaim Plaintiffs, | )<br>)<br>) |
| v. | )<br>)<br>) |
| SK INNOVATION CO., LTD., | )<br>)<br>) |
| Counterclaim Defendant. | )<br>) |

**MEMORANDUM OPINION**

I.   **INTRODUCTION**

Presently before the court in this patent infringement action is the motion to stay pending the resolution of two petitions for *inter partes* review ("IPR") filed by defendants LG Chem, Ltd., LG Chem Michigan Inc. (collectively, "LG Chem"), and LG Electronics, Inc. ("LGE") (together with LG Chem, "Defendants").[1] (D.I. 56) For the following reasons, Defendants'

---

[1] The briefing and declarations associated with the pending motion to stay are found at D.I. 57, D.I. 58, D.I. 65, D.I. 66, D.I. 70, and D.I. 71.

motion to stay is DENIED without prejudice.[2]

## II.     BACKGROUND

LG Chem filed a trade secret misappropriation complaint against plaintiff SK Innovation Co., Ltd. ("SKI") with the International Trade Commission ("ITC") on April 29, 2019. (D.I. 49, Ex. A at 3) On September 3, 2019, SKI filed a complaint in this case against Defendants asserting infringement of United States Patent Number 9,698,398 ("the '398 patent"). (D.I. 1) At the same time, SKI filed an ITC complaint asserting a different patent and commenced corresponding Civil Action No. 19-1638-CFC against LG Chem regarding the alleged infringement of that patent. (C.A. No. 19-1638-CFC, D.I. 1) On September 26, 2019, LG Chem filed ITC complaints against SKI regarding five patents and filed corresponding Civil Action No. 19-1805-CFC in this court. (C.A. No. 19-1805-CFC, D.I. 1) Litigation in both Civil Action Nos. 19-1638-CFC and 19-1805-CFC is stayed pending resolution of the related ITC investigations pursuant to 28 U.S.C. § 1659(a). (C.A. No. 19-1638-CFC, D.I. 11; C.A. No. 19-1805-CFC, D.I. 10)

On November 25, 2019, LG Chem filed its answer, affirmative defenses, and counterclaims in this action. (D.I. 9) SKI answered the counterclaims and filed its motion to strike the affirmative defense of unclean hands on December 23, 2019. (D.I. 17, D.I. 19) A scheduling order was entered on January 13, 2020, setting a fact discovery deadline of December 5, 2020 and a trial date of September 20, 2021. (D.I. 24) The parties' Joint Claim Construction

---

[2] SK Innovation Co., Ltd.'s ("SKI") motion to strike LG Chem's affirmative defense of unclean hands (D.I. 17) and LG Chem's motion for leave to file a sur-reply (D.I. 68) remain pending and will be addressed separately upon resolution of objections, if any, to the instant Memorandum Opinion and Order.

Chart is due on June 24, 2020, and the Joint Claim Construction Brief is due on September 16, 2020. (*Id.* at ¶¶ 15-16)  A *Markman* hearing is scheduled for November 10, 2020. (*Id.* at ¶ 17)

On March 31, 2020, Defendants filed a petition for *inter partes* review ("IPR") challenging the validity of asserted claims 1-3 of the '398 patent with the U.S. Patent and Trademark Office ("USPTO"). (D.I. 57, Ex. 2)  The Patent Trial and Appeal Board ("PTAB") is expected to release its institution decision regarding Defendants' IPR petition in October 2020. 35 U.S.C. § 314(b).  If the PTAB institutes proceedings on Defendants' petition, a final decision on the merits of the petitions is expected by October 2021. 35 U.S.C. §§ 316(a)(11).

| DATE FILED | COURT / AGENCY | CASE NO. | SUBJECT | STATUS |
|---|---|---|---|---|
| 4/29/2019 | ITC | 337-TA-1159 | Defendants allege trade secret misappropriation by SKI | Default judgment entered vs. SKI on March 18, 2020 |
| 9/3/2019 | D. Del. | 19-1637-CFC-SRF | SKI alleges infringement of '398 patent | Ongoing |
| 9/3/2019 | D. Del. | 19-1638-CFC | SKI alleges infringement of '994 patent | Stayed pending resolution of ITC action[3] |
| 9/3/2019 | ITC | 337-TA-1179 | SKI alleges infringement of '994 patent | Trial scheduled for Sept. 2020 |

---

[3] Related Civil Action Nos. 19-1638-CFC and 19-1805-CFC are stayed due to the mandatory stay requirement pursuant to 28 U.S.C. § 1659(a). Section 1659(a) provides that, when a party to both a civil action and an action before the ITC requests a stay of the civil action,

> the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
> **(1)** 30 days after the party is named as a respondent in the proceeding before the Commission, or
> **(2)** 30 days after the district court action is filed,
> whichever is later.

28 U.S.C. § 1659(a). Consequently, the stay of other matters pending in this district due to parallel ITC proceedings has no bearing on the outcome of the instant motion.

3

| 9/26/2019 | D. Del. | 19-1805-CFC | SKI alleges infringement of '517, '241, '152, '877, and '626 patents | Stayed pending resolution of ITC action[4] |
| 9/26/2019 | ITC | 337-TA-1181 | SKI alleges infringement of '517, '241, '152, '877, and '626 patents | Trial scheduled for October 2020 |
| 3/31/2020 | PTAB | IPR2020-00657 | Defendants allege invalidity of claims 1-3 of '398 patent | Institution decision anticipated in October 2020 |

### III. LEGAL STANDARD

A court has discretionary authority to grant a motion to stay. *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *2 (D. Del. Nov. 7, 2016) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)). Courts consider three factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *Id.* (citing *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, C.A. No. 15-516-LPS-CJB, 2016 WL 558615, at *1 (D. Del. Feb. 11, 2016)).

### IV. DISCUSSION

#### A. Simplification of Issues

In support of the motion to stay, Defendants argue that the IPR proceedings will likely simplify the issues for trial because Defendants asserted four independent grounds of invalidity on all three asserted claims of the '398 patent in the IPR petition, raising the likelihood that the PTAB will institute IPR proceedings on at least one basis. (D.I. 57 at 8) Because each of the

---

[4] *See* n.3, *supra*.

4

asserted claims is at issue in the IPR petition, Defendants contend that a finding of invalidity by the PTAB could conclude the litigation. (*Id.* at 9) Defendants allege that staying the litigation would have the added benefit of avoiding the risk of inconsistent results between the PTAB and the court. (*Id.* at 10)

In response, SKI contends that the likelihood of simplification is speculative prior to a decision on institution. (D.I. 65 at 4-5) In the event that the PTAB decides not to institute IPR proceedings, SKI argues that a stay would only result in delay, with no collateral simplification of the issues. (*Id.* at 5-6)

The issue simplification factor weighs against a stay at this time because the PTAB has not yet issued a decision on institution. *See Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, C.A. No. 15-516-LPS-CJB, 2016 WL 558615, at *2 (D. Del. Feb. 11, 2016) (observing that, "[i]f no review is instituted, the asserted basis for a stay will fall away."). "Generally, the 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for *inter partes* review." *Copy Protection LLC v. Netflix, Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015); *see also HIP, Inc. v. Hormel Foods Corp.*, C.A. No. 18-615-CFC, 2019 WL 7667104, at *1 (D. Del. May 16, 2019). Under these circumstances, courts in this district typically permit the movant to renew its motion if and when the IPR petition is instituted. *Id.*; *see also KFx Med., LLC v. Stryker Corp.*, 2019 WL 2008998, at *2 (S.D. Cal. May 7, 2019) ("[T]he majority of district courts 'have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the

petition for review.'" (quoting *Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015)).

Defendants focus in particular on the timing of the parties' opening claim construction briefs, which overlap with the July 15, 2020 deadline for SKI's Patent Owner Preliminary Response ("POPR") in the PTAB. (D.I. 70 at 2-3) Defendants argue that, absent a stay, the parties may need to revisit the Joint Claim Construction Chart based on statements made in SKI's POPR which may impact the prosecution history for disputed claim terms. (*Id.*) Defendants' position assumes that SKI will make revelations in pre-institution filings that will conflict with or impede the court's ability to conduct a *Markman* hearing and construe the disputed claim terms. Assuming *arguendo* that such revelations are made, the District Judge is in the best position to consider their effect, if any, on claim construction at the appropriate time.

Defendants also note that the PTAB's institution decision may include claim construction analysis which would require supplemental briefing prior to the *Markman* hearing. (D.I. 70 at 3) Speculation regarding issues that may or may not be addressed in the PTAB's institution decision is not sufficient to justify a stay. *See Invensas Corporation v. Samsung Elecs. Co., Ltd.*, C.A. No. 17-1363-MN-SRF, 2018 WL 4762957, at *3 (D. Del. Oct. 2, 2018). The PTAB's institution decision is due in mid-October, nearly a month before the *Markman* hearing on November 10, 2020. The record in this case demonstrates that Defendants are familiar with the procedures for notifying the court of subsequent authority following the completion of briefing,

to the extent that such subsequent authority is relevant to issues pending before the court.  (D.I. 40; D.I. 49)

### B.  Stage of Litigation

Defendants contend that the early stage of the litigation weighs in favor of a stay because no depositions have occurred and the claim construction process has not begun.  (D.I. 57 at 11-12)  In response, SKI argues that this factor weighs against a stay because a scheduling order has been entered, a trial date has been set, and discovery has begun.  (D.I. 65 at 8-9)

This factor weighs against granting a stay.  Although the case has not yet progressed to claim construction, the parties have served written discovery requests and have produced technical documents, sales data, license agreements, and prior art.  (D.I. 21; D.I. 22; D.I. 33; D.I. 34; D.I. 35; D.I. 44; D.I. 48; D.I. 51; D.I. 53; D.I. 59; D.I. 60)  The parties have also exchanged infringement and invalidity contentions.  (D.I. 39; D.I. 61)  The court entered a scheduling order setting a trial date for September 20, 2021, about a month before the issuance of a final written decision on the IPR petition if the PTAB grants institution.  (D.I. 24)  If the court were to enter a stay at this stage of the proceedings pending the PTAB's anticipated institution decision in October, the trial date would likely be lost even if the PTAB ultimately denies Defendants' IPR petition.  Under these circumstances, this factor weighs against a stay.  *See Copy Protection LLC v. Netflix, Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) (finding this factor weighed against a stay where a "trial date has been set for . . . around the same time as

the IPR petition may be finally decided[ ] and the parties have engaged in a substantial amount of discovery and are set to complete claim construction briefing shortly.").

### C. Prejudice

The court, in assessing undue prejudice to the non-movant, may consider: (1) the timing of the request for review; (2) the timing of the motion to stay; (2) the status of the review proceeding; and (3) the relationship of the parties. *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *4 (D. Del. Nov. 7, 2016) (citing *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013)). The court concludes that first and second subfactors do not support a finding that SKI will suffer undue prejudice if the case is stayed. Defendants demonstrate that they timely filed the IPR petition and the motion to stay (D.I. 57 at 13-14), and SKI does not suggest otherwise, (D.I. 65 at 10-14). The third subfactor, regarding the status of the IPR proceeding, weighs against the entry of a stay when considered in conjunction with the other stay factors discussed at §§ IV.A and B, *supra*. *See Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *5 (D. Del. Jan. 15, 2014) ("[I]n light of the early stage of the review proceedings here (with the PTO not yet having determined whether to grant review) the length of the expected delay increases the risk of prejudice to Plaintiff.").

The fourth subfactor also weighs against the entry of a stay. Defendants allege that the competitive relationship between SKI and Defendants favors a stay because the relevant market includes several competitors. (D.I. 57 at 15) Defendants also note that SKI previously licensed the asserted patent, it does not practice the '398 patent itself, and it seeks only monetary compensation in the litigation. (*Id.* at 16) In response, SKI contends that the parties are direct competitors in the United States electric vehicle battery market. (D.I. 65 at 10-11)

The record before the court shows that there is significant potential for prejudice resulting from a stay of the litigation due to the small market for electric vehicle batteries and the competitive relationship between the parties. Defendants acknowledge that "SKI competes with LG Chem and LGE in the electric vehicle battery market." (D.I. 57 at 15) In proceedings before the ITC, SKI represented that "only Panasonic, AESC, and LG Chem offer lithium-ion EV battery cells that are produced in the United States, and their production capacity is largely committed to Tesla, Nissan, and GM, respectively." (D.I. 58, Ex. 4 at 3) The likelihood of prejudice is greater where, as here, there are only a few market participants. *See FMC Corp. v. Summit Agro USA, LLC*, C.A. No. 14-51-LPS, 2014 WL 3703629, at *6 (D. Del. July 21, 2014) ("[E]ven in cases where there were some number of other competitors in the market, so long as plaintiff and defendant were joint market participants and engaged in some level of competition, our Court has tended to find that some amount of potential prejudice is at play.").

SKI would also be at a tactical disadvantage if the court were to stay this litigation because a stay would enable Defendants to delay propounding non-infringement contentions. (D.I. 65, Ex. 4 at 2) Moreover, Defendants could continue to prosecute their affirmative claims against SKI in the ITC proceedings. The fact that Defendants continue to actively pursue relief against SKI on multiple fronts bolsters SKI's position that it would be disadvantaged by a delay in its litigation against Defendants.[5]

---

[5] Defendants argue that the court should decline to consider the status of any other proceedings in connection with the motion to stay. (D.I. 70 at 8) But Defendants cite no authority suggesting that the court's analysis of tactical advantage on a motion to stay cannot account for strategic decisions impacting the progress of other proceedings involving the same parties. Defendants' suggestion that the court should consider the substantive outcome of litigation in Korea and the ITC's decision awarding default judgment against SKI in a trade secret misappropriation investigation is unsupported.

9

Defendants also suggest that SKI will not be unduly prejudiced by a stay because money damages are an adequate remedy. (D.I. 70 at 8) However, the complaint includes a demand for equitable, injunctive relief. (D.I. 1 at 14, 16) Defendants' argument is not fully supported on this factual record.

On balance, the stay factors weigh against the entry of a stay prior to the PTAB's decision on institution.

## V.     CONCLUSION

For the foregoing reasons, Defendants' motion to stay the proceedings is DENIED without prejudice to renew following the institution of any IPR proceeding. (D.I. 56) An Order consistent with this Memorandum Opinion shall issue.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties shall jointly submit a proposed redacted version by no later than **May 22, 2020**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Memorandum Opinion issued.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections

within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: May 15, 2020

_____
Sherry R. Fallon
United States Magistrate Judge