**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SK INNOVATION CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1637-CFC-SRF |
| | ) | |
| LG CHEM, LTD., LG CHEM MICHIGAN INC., and LG ELECTRONICS INC. | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| LG CHEM, LTD. and LG CHEM MICHIGAN INC., | ) ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SK INNOVATION CO., LTD., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| _____ | ) | |

**REPORT AND RECOMMENDATION**

## I.   INTRODUCTION

Presently before the court in this patent infringement action are: (1) plaintiff SK Innovation Co., Ltd.'s ("SKI") motion to strike LG Chem, Ltd. and LG Chem Michigan, Inc.'s (together, "LG Chem") sixth affirmative defense of unclean hands, (D.I. 17); and (2) LG Chem's motion for leave to file a surreply brief, (D.I. 68).[1]  (D.I. 17)  For the following reasons, I

---

[1] The briefing and other filings associated with the pending motion to strike are found at D.I. 18, D.I. 26, D.I. 27, D.I. 29, D.I. 40, D.I. 49, and D.I. 50.  The briefing and other filings associated with the pending motion for leave to file a surreply brief are found at D.I. 68, D.I. 76, D.I. 77, D.I. 78, D.I. 82, and D.I. 83.

recommend that the court GRANT SKI's motion to strike LG Chem's affirmative defense of unclean hands, without prejudice to LG Chem to seek leave to amend. I further recommend that the court GRANT LG Chem's motion for leave to file a surreply brief.

## II.     BACKGROUND

On September 3, 2019, SKI filed a complaint in this case against LG Chem and LG Electronics, Inc. ("LGE;" together with LG Chem, "Defendants") asserting infringement of United States Patent Number 9,698,398 ("the '398 patent"). (D.I. 1) The '398 patent, entitled "Secondary Battery Module," identifies Ming Zhe Kong as the sole inventor and SKI as the assignee. (D.I. 1, Ex. 1 at 1) The application leading to the '398 patent received its first office action in August 2016, and the patent issued in July 2017. (D.I. 27, Ex. I at 1; D.I. 1, Ex. 1) The '398 patent is directed to a secondary battery module designed to prevent electrical shocks or short-circuiting in electric vehicles ("EVs"). (D.I. 1, Ex. 1 at Abstract) The '398 patent claims priority to a Korean patent application filed on November 20, 2012 and a subsequent PCT application filed on November 20, 2013. (D.I. 1, Ex. 1 at 1)

In this case, SKI alleges that Defendants infringe the '398 patent by producing secondary battery cells, modules, and packs, including the VISTA 2.0 Cell Module, and selling those products to General Motors for use in the Chevrolet Bolt. (D.I. 1 at ¶¶ 18, 26-31) On November 25, 2019, LG Chem and LGE separately filed their answers, affirmative defenses, and counterclaims. (D.I. 9; D.I. 10) LGE's sixth affirmative defense includes estoppel, waiver, implied waiver, and/or acquiescence. (D.I. 10 at 8) LG Chem's sixth affirmative defense is nearly identical to the one asserted in LGE's pleading, but it also includes the affirmative defense of unclean hands. (D.I. 9 at 8) SKI answered LG Chem's counterclaims and filed its motion to strike the affirmative defense of unclean hands on December 23, 2019. (D.I. 17, D.I. 19)

LG Chem's affirmative defense of unclean hands references its trade secret misappropriation action against SKI before the International Trade Commission ("ITC"), entitled *Certain Lithium Ion Batteries, Battery Cells, Battery Modules, Battery Packs, Components Thereof, and Processes Therefore*, Inv. No. 337-TA-1159 ("the 1159 Action"), which was filed on April 29, 2019. (D.I. 9 at 8) Specifically, LG Chem's pleading cites its Motion for Default Judgment filed in the 1159 Action on November 5, 2019, which states that "SKI has misappropriated LGC's intellectual property, including its trade secrets, and engaged in a cover-up of such misconduct by . . . withholding, hiding, altering, fabricating, or destroying evidence." (*Id.*)

In support of LG Chem's allegations of spoliation, the Motion for Default Judgment describes how SKI "sent spreadsheets containing lists of files for deletion to seventy-five different teams at SKI." (D.I. 27, Ex. B at 3) Briefing on the Motion for Default Judgment also refers to an April 16, 2019 email encouraging recipients to perform a "[d]ocument security inspection review . . . to prevent in advance problematic issues should a legal dispute arise with a competitor."[2] (*Id.*, Ex. E at 5) A subsequent April 30, 2019 email discussed in the briefing

---

[2]Generally, a district court ruling on a Rule 12(f) motion to strike cannot consider matters outside of the pleadings. *See Bishop v. JP Morgan Chase & Co.*, C.A. No. 13-001-RGA, 2014 WL 1382393, at *3 (D. Del. Apr. 7, 2014) (motions to strike under Rule 12(f) are generally decided "on the basis of the pleadings alone.") (quoting *DeLa Cruz v. Piccardi Press*, 521 F. Supp. 2d 424, 429 (E.D. Pa. 2007)). Here, however, LG Chem's affirmative defense of unclean hands incorporates by reference its Motion for Default Judgment in the 1159 Action. (D.I. 9 at 8) Citing *Williams v. Ponik*, C.A. No. 15-1050-CCC-JBC, 2015 WL 8513869, at *3 (D.N.J. Dec. 10, 2015), SKI argues that LG Chem's incorporation by reference of the Motion for Default Judgment in the 1159 Action does not satisfy the specificity requirements of Rule 9(b). (D.I. 18 at 7) Aside from this argument regarding the level of specificity in the body of the pleading itself, SKI does not otherwise challenge the court's consideration of publicly available briefing from the 1159 Action in the context of a Rule 12(f) motion to strike. (*See generally* D.I. 18; D.I. 29)

specifically refers to the "LG Chem lawsuit matter" and instructs recipients to "[d]elete every material related to the rival company from every single individual's PC, mail storage archives and team rooms. ASAP. Make sure to especially scrutinize [Respondent] SKBA. PCs may even be subject to seizure and examination. Delete this email after completing this directive." (*Id.* at 6-7)

The complaint and the briefing on the Motion for Default Judgment in the 1159 Action also outline the factual underpinnings for LG Chem's allegations of trade secret misappropriation. (D.I. 27, Exs. B & H) These documents allege that, between 2016 and 2018, SKI recruited a number of former LG Chem employees who then disclosed LG Chem's trade secrets to SKI. (*Id.*, Ex. H at ¶¶ 4-5; Ex. B at 6) This trade secret information allegedly included LG Chem's electric vehicle battery design and research and development. (*Id.*, Ex. H at ¶¶ 5-8)

Since January 2020, LG Chem has sought the production of all confidential briefing and exhibits regarding the Motion for Default Judgment filed in the 1159 Action, as well as 75 SKI spreadsheets, to show the extent of SKI's destruction of evidence. (D.I. 22; D.I. 26 at 4 n.6; D.I. 68 at 2) SKI did not produce documents responsive to LG Chem's requests for production within the briefing period for the motion to strike, arguing that there was no nexus between the destruction of evidence alleged in the 1159 Action and the '398 patent at issue in the present litigation. (D.I. 27, Ex. D; D.I. 18 at 7-10; D.I. 29 at 2-6) SKI subsequently responded to LG Chem's document requests on April 10, 2020, producing seven spreadsheets listing files marked for deletion. (D.I. 54; D.I. 68, Ex. A at 1-2) LG Chem alleges that the documents produced on April 10 show SKI investigated LG Chem's secondary battery module and LG Chem's proposed solutions to technical problems in the '398 patent. (*Id.*) Accordingly, LG Chem moves for leave

to file a surreply to discuss the significance of these newly disclosed documents to its affirmative defense of unclean hands. (D.I. 68)

### III. LEGAL STANDARD

Rule 12(f) permits "[t]he court [to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 1292. Scandalous matter is "that which improperly casts a derogatory light on someone, most typically on a party to the action." *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 764 (D. Del. 2012) (quoting *Carone v. Whalen*, 121 F.R.D. 231, 233 (M.D. Pa. 1988)). But even when the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the material will prejudice the adverse party. *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) (internal quotations omitted).

The court must construe all facts in favor of the nonmoving party and deny the motion to strike unless the defense is clearly insufficient as a matter of law. *Id.* at 356 (citing *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362 (D. Del. 1988)). "A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion," but motions to strike under Rule 12(f) are generally disfavored. *Aoki*, 839 F. Supp. 2d at 764 (internal citations and quotation marks omitted); *Fesnak & Assocs., LLP v. U.S. Bank Nat'l Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010). As a result, they "ordinarily are denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.' " *Sun*

*Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (quoting *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)).

## IV. ANALYSIS

### A. Motion to Strike Affirmative Defense of Unclean Hands

The doctrine of unclean hands applies when "(1) a party seeking affirmative relief (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith (3) directly related to the matter in issue (4) that injures the other party (5) and affects the balance of equities between the litigants." *Sun Microsystems*, 630 F. Supp. 2d at 410 (quoting *Castle v. Cohen*, 676 F. Supp. 620, 627 (E.D. Pa. 1987)). The alleged conduct "must have an immediate and necessary relationship to the equity which [the plaintiff] seeks to obtain in the matter in litigation." *Id.* (quoting *Blanchette v. Providence & Worcester Co.*, 428 F. Supp. 347, 357 (D. Del.1977)). "A defense of unclean hands may be based on fraudulent conduct, but it need not be so." *AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*, C.A. No. 17-1065-MSG-RL, 2018 WL 2604825, at *1 (D. Del. June 4, 2018) (quoting *Gilead Sciences, Inc. v. Merck & Co., Inc.*, 888 F.3d 1231, 1239 (Fed. Cir. 2018)).

#### 1. Applicability of Rule 9(b)

As a preliminary matter, the parties dispute whether the heightened Rule 9(b) standard applies to LG Chem's unclean hands defense. SKI contends that, because LG Chem's unclean hands defense sounds in fraud, it is an equitable defense requiring application of the heightened pleading standard under Rule 9(b). (D.I. 18 at 6) In response, LG Chem alleges Rule 9(b) does not apply because the unclean hands defense is based on allegations of SKI's egregious misconduct, including trade secret misappropriation and spoliation of evidence, and it does not

6

assert a fraud-based defense requiring a showing of scienter. (D.I. 26 at 10-11) In a footnote, LG Chem further argues that "[a] defense under Rule 8(b) requires only a short and plain term statement putting SKI on notice of LGC's defenses, as opposed to an affirmative claim or counterclaim where a party must meet *Twombly/Iqbal*." (*Id.* at 11 n.9)

Rule 8(c), which requires that a defendant "affirmatively state any . . . affirmative defense," governs the pleading standard for affirmative defenses. Fed. R. Civ. P. 8(c); *see Masimo Corp. v. Philips Elec. N. Am. Corp.*, C.A. No. 09-80-LPS, 2015 WL 2406155, at *4 (D. Del. May 18, 2015) (explaining that Rule 8(c) does not require a statement "showing that the [defendant] is entitled to" judgment on the affirmative defense). Accordingly, courts in this district have routinely held that the *Twombly/Iqbal* standard under Rule 8(a) applies only to claims, counterclaims, and crossclaims. It does not extend to affirmative defenses, "which need not be plausible to survive" so long as they "provide fair notice of the issue involved." *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 303 (D. Del. 2013) (internal citations and quotation marks omitted); *see also Masimo*, 2015 WL 2406155, at *4; *Bayer CropScience AG v. Dow AgroSciences LLC*, C.A. No. 10-1045-RMB, 2011 WL 6934557, at *4 (D. Del. Dec. 30, 2011).

Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake" in a pleading, without drawing a distinction between an affirmative defense and a claim or counterclaim. Fed. R. Civ. P. 9(b). Affirmative defenses sounding in fraud are therefore subject to the heightened pleading standard of Rule 9(b), which requires pleading with particularity the "specific who, what, when, where, and how" of the alleged fraud. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009); *see Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 704 (4th

7

Cir. 2018) (explaining that "defendants must satisfy Rule 9(b) when they plead affirmative defenses sounding in fraud."). An affirmative defense of unclean hands may be based on fraudulent conduct, or it may instead be based on allegations of bad faith or unconscionability. *See AbbVie*, 2018 WL 2604825, at \*1. When an affirmative defense of unclean hands is rooted in fraudulent conduct, the pleading must satisfy the Rule 9(b) standard. *See Sonos, Inc. v. D&M Holdings Inc.*, C.A. No. 14-1330-RGA-MPT, 2016 WL 4249493, at \*5 (D. Del. 2016).

I recommend that the court apply the heightened pleading standard of Rule 9(b) to LG Chem's unclean hands defense. The pleading alleges that "SKI's claims are barred by the doctrine of unclean hands because . . . SKI has misappropriated LGC's intellectual property, including its trade secrets, and engaged in a cover-up of such misconduct by, *inter alia*, intentionally, recklessly, and/or negligently withholding, hiding, altering, fabricating, or destroying evidence." (D.I. 9 at 8) By invoking SKI's state of mind in its allegation that SKI intentionally covered up evidence of its misconduct, LG Chem has pleaded an unclean hands defense sounding in fraud. *See Ferron v. SubscriberBase Holdings, Inc.*, 2009 WL 650731, at \*5 (S.D. Ohio Mar. 11, 2009) (construing a "spoliation claim as one for a fraudulent concealment of evidence, which sounds in fraud and invokes the pleadings requirement of Rule 9(b).").

### 2. Sufficiency of Notice

SKI contends that LG Chem's pleading fails to provide adequate notice of its unclean hands defense because it does not identify the "who, what, when, where, and how" of the alleged conduct as required under Rule 9(b). (D.I. 18 at 7) According to SKI, LG Chem's reliance on its citation of the 1159 Action to provide details not contained in the pleading itself is insufficient to plead the affirmative defense, regardless of the proper pleading standard. (*Id.*)

8

In response, LG Chem contends that its pleading provides adequate notice of SKI's alleged misconduct by describing SKI's destruction of evidence and incorporating by reference the briefing in the 1159 Action, which quoted instructions sent to SKI employees ordering them to delete emails in anticipation of litigation with LG Chem. (D.I. 26 at 12-13) According to LG Chem, SKI should know that the inventor of the '398 patent was likely among those SKI employees receiving the instructions to delete emails. (*Id.* at 14)

LG Chem's pleading provides adequate notice to SKI of the basis for the affirmative defense of unclean hands. The affirmative defense provides that

> SKI's claims are barred by the doctrine of unclean hands because, for example, SKI has misappropriated LGC's intellectual property, including its trade secrets, and engaged in a cover-up of such misconduct by, inter alia, intentionally, recklessly, and/or negligently withholding, hiding, altering, fabricating, or destroying evidence. See Certain Lithium Ion Batteries, Battery Cells, Battery Modules, Battery Packs, Components Thereof, and Processes Therefore, Inv. No. 337-TA-1159, EDIS Dkt. No. 694160 (LG Chem's motion for default judgment) at 26 (U.S.I.T.C., Nov. 5, 2019) (quoting e-mail instructing SKI team members to "[d]elete every material related to [LG Chem]" and to "[d]elete this email after completing this directive").

(D.I. 9 at 8) The pleading specifically references and quotes from the April 30, 2019 email to SKI employees instructing them to delete evidence regarding LG Chem. (*Id.*) The affirmative defense incorporates by reference the Motion for Default Judgment filed in the 1159 Action, which provides additional details regarding the April 30, 2019 email and other previous and subsequent emails specifically related to LG Chem's lawsuit urging the destruction of evidence. (D.I. 27, Ex. B at 2-4) These allegations, based on documents within SKI's possession, are sufficient to put SKI on notice of the basis for LG Chem's affirmative defense of unclean hands.

9

### 3. Sufficiency of Nexus

SKI further alleges that LG Chem's unclean hands defense does not accuse SKI of misappropriating the technology claimed in the '398 patent, and the lack of a nexus between SKI's alleged misappropriation of trade secrets or spoliation of evidence and the '398 patent is fatal to the defense. (D.I. 18 at 7-8) The misconduct forming the basis for an affirmative defense of unclean hands must be directly related to a matter at issue in the litigation. *See Sonos*, 2016 WL 4249493, at *5; *see also Scherer Design Grp., LLC v. Ahead Eng'g LLC*, 764 F. App'x 147, 151 (3d Cir. 2019) ("For the unclean hands doctrine to apply, 'there must be a relationship between the inequitable conduct and the claims brought before the court.'") (quoting *In re New Valley Corp.*, 181 F.3d 517, 525 (3d Cir. 1999)). LG Chem does not dispute that a nexus between the misconduct and the claim is required, but it alleges that the nexus need only be "close." (D.I. 26 at 14-15) However, the Third Circuit has explained that the nexus must be "direct," and the conduct must have an "immediate and necessary relation" to the equity sought. *Scherer Design*, 764 F. App'x at 151.

With respect to the spoliation allegations, LG Chem alleges that the timing and scope of the April 30, 2019 email establish a nexus with the '398 patent because the record suggests SKI anticipated a lawsuit by LG Chem when the email was sent, and the inventor of the '398 patent was a likely recipient of the email. (D.I. 26 at 15-16) But LG Chem has not specifically alleged that any of the files marked for deletion were related to the '398 patent, and its speculative assertion that the inventor of the '398 patent destroyed evidence in response to the April 30, 2019 email is contradicted by unrefuted evidence that the inventor has not been employed by SKI since January 2017. (D.I. 29, Ex. A at ¶ 3) LG Chem's sixth affirmative defense of unclean hands therefore fails to establish a plausible relation between the alleged spoliation and the

10

controversy regarding the '398 patent. *Cf. Sun Microsystems*, 630 F. Supp. 2d at 410 (finding sufficient nexus between defendant's unclean hands defense and infringement litigation where affirmative defense was based on allegations that defendant had a license to the specific patent-in-suit).

LG Chem also alleges that a nexus exists between the trade secret misappropriation allegations and the '398 patent because SKI allegedly poached LG Chem employees to obtain trade secrets between 2016 and 2018, coinciding with the prosecution of the U.S. patent application leading to the '398 patent. (D.I. 26 at 16-17) But the face of the '398 patent establishes that the application originated from a Korean application filed in November 2012, followed by a PCT application in November 2013. ('398 patent) Thus, any trade secrets divulged by former LG Chem employees between 2016 and 2018 could not plausibly inform the drafting and filing of the application leading to the issuance of the '398 patent.[3] As pleaded, LG Chem's affirmative defense of unclean hands based on alleged trade secret misappropriation lacks a sufficient nexus to the '398 patent.

To prevail on its motion to strike, SKI must demonstrate the prejudice it will suffer as a result of the lack of a connection between the '398 patent and the allegations of trade secret misappropriation and spoliation. *See XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F. Supp. 2d 376, 383–84 (D. Del. 2012) (concluding that a plaintiff moving to strike an affirmative defense

---

[3] LG Chem also argues that, "[i]f SKI relies its own products, then only with discovery would LGC know whether SKI has used illegally acquired LGC technology, which included design and R&D information, to produce [such] SKI electric vehicle battery products." (D.I. 26 at 17) (internal citations and quotation marks omitted). This argument has since been resolved by SKI's disclosures under paragraph 3(g) of the scheduling order. In its disclosures, which were served on February 21, 2020, SKI represented that it does not practice the claimed invention of the '398 patent. (D.I. 58, Ex. 1 at 8) The disclosures show that SKI made prototypes for a secondary battery module that practiced the claimed invention between 2016 and 2018, but the prototype project was discontinued in 2018. (*Id.*)

11

of unclean hands must show prejudice even if the challenged material otherwise meets the Rule 12(f) criteria); *Fesnak & Assocs.*, 722 F. Supp. 2d at 502 ("[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party.") (quoting *Symbol Techs.*, 609 F. Supp. 2d at 359). SKI argues that the unclean hands defense will "distract from the issues in this case and open up discovery on alleged misconduct that is currently being litigated in the 1159 Case before the ITC and has no relevance to the patent claim at issue here." (D.I. 18 at 9) To the extent that the alleged trade secret misappropriation and spoliation bear no specific relationship to the '398 patent as pleaded in LG Chem's affirmative defense of unclean hands, SKI has adequately alleged prejudice.

The notices of subsequent authority filed by LG Chem, which attached decisions from the ITC in the 1159 Action, do not remedy these deficiencies. (D.I. 40; D.I. 49) The subsequent authority does not draw a connection between the '398 patent and the alleged trade secret misappropriation and spoliation. (*Id.*) For the foregoing reasons, I recommend that the court grant SKI's motion to strike LG Chem's affirmative defense of unclean hands.

### B. Motion for Leave to File Surreply

Local Rule 7.1.2 provides that, "[e]xcept for the citation of subsequent authorities, no additional papers shall be filed absent Court approval." D. Del. LR 7.1.2(b). Courts in this district have construed the Local Rule to permit the filing of a surreply "if it responds to new evidence, facts, or arguments." *Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017) (citing *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013)).

The record before the court establishes that SKI produced certain spreadsheets on April 10, 2020, months after the completion of briefing on the motion to strike, and these spreadsheets identified specific files marked for deletion in connection with SKI's alleged spoliation of evidence. (D.I. 68 at 3; Ex. A at Exs. 1 & 4) SKI does not contest the authenticity or factual validity of the spreadsheets in its response to the motion for leave to file a surreply, focusing instead on their lack of relevance to the unclean hands defense. (D.I. 76 at 1) ("The Motion for Leave should be denied as futile because the proposed surreply fails to provide any support for LGC's unclean hands defense."). Because LG Chem did not have a full opportunity to address the contents of this newly produced evidence in its responsive brief, leave to file the proposed surreply brief should be granted. *See Belden Techs., Inc. v. LS Corp.*, C.A. No. 08-823-SLR, 2010 WL 11205228, at *1 (D. Del. July 14, 2010) (granting leave to file a surreply where defendants challenged only the relevance, not the authenticity, of the newly produced documents).[4]

The surreply brief does not alter the outcome of SKI's motion to strike because the evidence discussed in LG Chem's surreply has not been incorporated into LG Chem's affirmative defense of unclean hands. But for the reasons set forth at § IV.C, *infra*, LG Chem's surreply brief supports its alternative request for leave to amend the pleading.

---

[4] SKI accuses LG Chem of offering entirely new theories of trade secret misappropriation and spoliation in its proposed surreply brief. (D.I. 76 at 1) But LG Chem has consistently maintained that SKI misappropriated LG Chem's trade secrets and destroyed evidence relating to the '398 patent. LG Chem should not be precluded from modifying its arguments in response to newly produced evidence supporting the broader theories of spoliation and trade secret misappropriation where, as here, SKI had an opportunity to substantively respond to the arguments set forth in LG Chem's proposed surreply brief. (D.I. 76 at 2-7); *cf. Chambers v. Doe*, 453 F. Supp. 2d 858, 861 n.3 (D. Del. 2006) (granting defendants' motion to strike surreply brief where defendants did not have a "full opportunity to explore and address the arguments" not raised in plaintiff's answering brief).

### C. Leave to Amend

LG Chem requests leave to amend its affirmative defense of unclean hands. (D.I. 26 at 19-20) I recommend that the court grant LG Chem's alternative request to file a proposed amended pleading incorporating new evidence and establishing a nexus between the alleged misconduct and the '398 patent. The deadline for amended pleadings does not expire until August 2020. (D.I. 24 at ¶ 8) The evidence and arguments presented in LG Chem's surreply brief, taken as true, appear likely to support a plausible connection between the subject matter of the '398 patent and the allegations of trade secret misappropriation and spoliation if incorporated into a proposed amended pleading consistent with D. Del. LR 15.1.[5]

## V.   CONCLUSION

For the foregoing reasons, I recommend that the court GRANT SKI's motion to strike LG Chem's affirmative defense of unclean hands, without prejudice to LG Chem to seek leave to amend the pleading. (D.I. 17) I recommend that the court GRANT LG Chem's motion for leave to file a surreply brief. (D.I. 68)

---

[5] SKI alleges that amendment would be futile. (D.I. 18 at 9-10; D.I. 29 at 8; D.I. 76 at 3-4) In the absence of a proposed amended pleading, the court cannot properly determine whether a proposed amendment would be futile under Rule 15(a). "An amendment is futile if the *proposed pleading* could not withstand a motion to dismiss." *McNeil v. Metzger*, C.A. No. 16-1083-CFC, 2020 WL 1154914, at *9 (D. Del. Mar. 10, 2020) (emphasis added) (citing *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 278 (3d Cir. 2018)). The record presently before the court suggests that LG Chem should be given the opportunity to seek relief under Rule 15(a). For example, LG Chem explains that the newly produced spreadsheets instructed SKI employees to destroy files dating back to 2010, before the application for the '398 patent was filed, referring to SKI's investigation of the secondary battery module used in the first-generation Chevrolet Volt. (D.I. 68, Ex. A at 3-4; Ex. A at Ex. 1) The file names identified on the spreadsheet and other evidence attached to LG Chem's surreply brief confirm that LG Chem collaborated with General Motors on the battery technology for the first-generation Chevrolet Volt, (D.I. 68, Ex. A at Ex. 1, Ex. 7 at LGC DE-0017014), and LG Chem's invalidity contentions cite the first-generation Chevrolet Volt battery technology as prior art to the '398 patent, (D.I. 68, Ex. A at Ex. 2 at 15). In this regard, it is feasible for the deficiencies in LG Chem's unclean hands defense to be remedied in an amended pleading.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Report and Recommendation under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Report and Recommendation should be redacted, the parties shall jointly submit a proposed redacted version by no later than **July 31, 2020**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Report and Recommendation issued.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 24, 2020

                                                        Sherry R. Fallon
                                                        United States Magistrate Judge